McKinney, J.
delivered the opinion of the court.
This bill is brought to enforce a resulting trust. It charges, in substance, that prior to the 19th day of June, 1824, the complainant purchased a lot of ground in the town of Knoxville, containing one-fourth of an acre, from Gideon Morgan, for which he paid him one hundred dollars, the price agreed upon between them; that at the time of the purchase he was intemperate and improvident in his habits, and as his object was to secure a home for himself and family, his friends advised that Morgan should be procured to make the conveyance for said lot to William P. Dudley, his son, then an infant of tender years. That the object in making the conveyance to William, was to secure the property in trust for the complainant’s benefit, so as to guard against an unadvised or improper disposition thereof in some moment of intoxication. That complainant and his family continued to occupy said *11 property for many years, and that he has always retained, and still retains possession thereof, and has made valuable improvements thereon, worth in all from feven to eight hundred dollars. The bill further alleges, that said William attained his majority in 1836, and died in 1838, and that during his life he never pretended to have any claim to said lot, but considered and treated it as the property of complainant. But that since his death some of the sons-in-law of complainant are setting up claim to the property as heirs at law of said William, who died intestate and without issue.
The answer of the defendants does not controvert the purchase and payment of the consideration money of said lot by the complainants, but alleges that he never asserted any claim thereto in the life time of William P. Dudley; and that the latter always acted as the owner, paying the taxes and making improvements thereon, and asserting his right to the same. The conveyance from Morgan is set forth in the record; it bears date the 19th day of June, 1824, and recites the payment of the purchase money, but does not show by whom paid. Morgan, the vendor, proves that at the solicitation of the complainant and William G. Blount, he consented to sell, and did sell, to complainant the lot in question, for one hundred dollars, which was paid to him by the complainant in a note, for that amount, which he held on some person in Middle Tennessee. That Blount seemed anxious to secure the complainant a home for life, and said that if he did not make some such disposition of the note it would be squandered and be of no benefit to himself or family; that the deed was made to William P. Dudley, infant son of the complainant, as the best mode, as witness and others thought, of securing to the complainant a home for life. *12 Other proof in the cause shows, that the complainant possessed and occupied the property as stated in the bill. J. H. Crozier,*'‘for the defendants, proves that on the day William P. Dudley died, he was called in to see him by the complainant; and was informed by the complainant and his wife, that William desired witness to write his will, and that he wished to devise the lot in question to his mother for life ; remainder to his sister Patsy. William expressed this wish, also, but died before any will was written.
The Chancellor decreed for. the complainant, and we think there is no error in the decree.
The doctrine is Avell established, that when one makes a purchase of land in the name of another, and pays-the consideration money, the parties being strangers to each other, a resulting trust immediately arises by virtue of the transaction, and the nominal purchaser will be a trustee for the person paying the purchase money. This rule has its origin in the natural presumption, in the absence of all rebutting circumstances, that he, who supplies the money, means the purchase to be for his own benefit, rather than that of another; and that the conveyance in the name of the latter, is a matter of convenience and arrangement between' the parties, for other collateral purposes. 2 Story’s Eq, Jur., sec. 1201. This presumption may be rebutted, however, by circumstances, but the burden of proof rests upon the nominal purchaser to show that the party from whom the- consideration moved, did not mean the purchase to be a trust for himself, but a gift to the stranger. Hill on Trustees, 96, 97. And trusts of this character being unaffected by the statute of frauds, parol evidence is admissible, either to establish or to rebut the presumption of a trust.
*13 This rule, however, is not of universal application; it has its exceptions, one of which is, where the party making the purchase and paying the consideration money, is under a natural or moral obligation to provide for the person in whose name the conveyance is taken, no presumption of a resulting trust arises; on the contrary the transaction will be regarded prima facie as an advancement for the benefit of the nominal purchaser. Therefore, if a parent purchase in the name of a son, the purchase will be regarded as intended as an advancement for the son, and not a trust for the parent, unless it can be clearly shown to have been the intention that the child should not take beneficially, but as trustee. 2 Story’s Eq. Jur. 1202.
Applying these principles to the case under consideration, it is very clear that the conveyance made in the name of William P. Dudley, for the lot in controversy, was not meant as an advancement to him, but a trust for the complainant. The presumption of an advancement is clearly and fully repelled by the contemporaneous acts and declarations of the purchaser ; Hill on Trustees, 103, 105; by the avowed and incontrovertible object and purpose of the conveyance in the name of the son, by the utter inability of the complainant to make any provision for his other children, and the continued claim and occupation of the premises by the complainant.
It is certainly true, that a resulting trust will not be raised or enforced, in contravention of public policy, or the provisions of a statute, as in the case of a conveyance in the name of another, made to hinder, delay or defraud the creditors of the purchaser. But, in the record before us, there is no evidence that the deed was made with any such intention, or for any such purpose. It is *14 also true, that an implied or resulting trust may be rebutted, as well to part of the land, as to part of the interest in the land purchased in the name of another. Thus, where A took a mortgage in the name of B, declaring that he intended the mortgage to be for B’s benefit, and that the principal, after his own death, should be B’s, and A received the interest therefor during his life time; it was held, that the mortgage belonged to B after the death of A. 2 Story’s Eq. Jur. sec. 1202. But, there is no evidence whatever in this case of any such declaration or intention on the part of the complainant; we think the contrary is fully manifested; and the casual expression of Morgan, that the conveyance in the name of the son, was thought the best means of securing the complainant a home for life, can have no effect to limit the trust; such limitation must depend alone upon the manifest intent of the purchaser. We do not think, that the implied assent of the complainant to the disposition of the property desired to be made by the son on his death bed, sufficient to rebut the trust so clearly established in this case. Whether a trust, or advancement, depends upon the character of the transaction in its inception, and cannot be changed by subsequent acts or declarations, of so unsatisfactory and equivócala nature.
The death of the nominal purchaser, and the descent of the mere naked legal title, cannot affect the trust. The authorities to which we have been referred upon this point, merely show, that it has been a subject of controversy, whether, if the consideration money is expressed in the deed to have been paid by the person in whose name the conveyance is taken, parol proof alone is admissible, after the death of the nominal purchaser, against the express declaration of the deed. The *15 negative is maintained by several of the older authorities on the ground that the admission of parol evidence in such case would be contrary to the statute of frauds; but the preponderance of authority, especially of modern cases, is in favor of the admissibility, of such evidence, in the case stated, as well after the death of the nominal purchaser, as in his life time, although contrary to the express recital in the deed; and that the statute is not broken in upon by the admission of such proof. Sug. on Vend. 136,9th ed.; 10 Ves. 517; Hill on Trustees, 69; 2 Story’s Eq. Jur. 1201, vol. 1, and cases there cited.
It might have sufficed, however, in the present case, simply to have remarked, that the deed to William P. Dudley contains no recital of the payment of the purchase money by him, and, therefore, no such question can arise in this case.
The decree of the chancellor is affirmed with costs.